May it please the Court, Deputy Attorney General Deborah Chuang, on behalf of Respondent Derek Ollison, Acting Warden of Ironwood State Prison. In granting habeas relief as to Grounds 1 and 2, the District Court never honored the by the AEDPA. For two reasons, Petitioner was not entitled to habeas relief as to his claim in Ground 1 that the prosecutor proceeded on a legally incorrect theory. First, it was procedurally defaulted. And second, the California Supreme Court's published decision was entitled to deference under the AEDPA. I don't understand how this case gets analyzed as an invalid legal theory case. It seemed to me that there was never more than one theory, and the theory was that the defendant possessed the drugs that were found in the vehicle. That was the theory, which is a valid legal theory. That's correct, Your Honor. The issue was whether there was sufficient evidence to prove possession with the requisite mental state. That is, that it wasn't accidental or happenstance, that it really belonged to him. And further, whether the prosecutor had overreached by arguing that being under the influence was enough to prove possession. So how did we get over into the territory of invalid legal theory? Your Honor, I'm not entirely sure other than I suppose that Petitioner was trying to avoid a procedural bar in California and had characterized the claim as one that the prosecutor proceeded on a legally incorrect theory. I thought, though, that he'd already exhausted in front of the state courts the theory that the prosecutor had overreached by trying to get the jury to convict on insufficient evidence. He did raise that in the state court, correct? Yes, he did. So that's not barred. It's procedurally exhausted, which means he did present it to the California Supreme Court, but it was procedurally defaulted because the California Supreme Court found that his claim that the prosecutor proceeded on a legally incorrect theory merely amounted to one of prosecutorial misconduct. And by failing to object to that prosecutor's argument during closing at trial, he had waived that argument. And that procedural bar encompassed his claim that the prosecutor proceeded on a legally incorrect theory because the California Supreme Court stated in its published decision that the appeal was – it also said that the appeal was foreclosed on that basis. And then it proceeded to decide the case on the correct governing legal principle, and that is of prosecutorial misconduct, as instructed by the U.S. Supreme Court in Boyd v. California. And the question then is whether the prosecutor's conduct infected the trial with such unfairness as to deny due process. And here, despite what Petitioner would have this Court believe by innuendo or implication, the prosecutor did not argue that Petitioner's intoxication alone could be the – could convict him for the possession. Kagan. Well, that sounds very much to me like the prosecutor did just that. If you look at the transcript, the prosecutor is saying you don't need to look beyond the fact that he was intoxicated. I think viewed in the context of this case, it's a – it was a one-day trial, and what the prosecutor needed to prove is this was circumstantial evidence who had possession of the vial. And so he needed to prove, and he certainly was entitled to in California, to show that Petitioner's intoxication was relevant to his possession. It indicated that it could be relevant under California law as to his awareness or familiarity of the presence of the illegally intoxicating drug. And those statements of the prosecutor during the closing argument, as the California Supreme Court had said at page 47 of People v. Morales, that the prosecutor was arguing that the jurors could deduce that Petitioner voluntarily ingested the PCP, whether or not he drew it from the vial, and then, based on that, Petitioner was intoxicated from the PCP, and that was relevant to whether or not it was his PCP. Sotomayor, give me the exact language that the prosecutor used, would you, counsel? Yes, Your Honor. Part of it is there are several parts, and the California Supreme Court had noted a few parts where it appeared that the prosecutor was urging that the intoxication could be relevant to the possession. Now, is relevant in and in itself sufficient? Yes, Your Honor. And sufficient, but as the California Supreme Court proceeds to go on, would you like me to, I'm sorry, would you like me to actually put, yes. I wanted you to read me the language. Okay. It starts with ER, well, 671, I'm following. Yes, Your Honor. At ER 671, the prosecutor said, was the defendant in possession of a controlled substance? Okay, as you look at this evidence, certainly the most compelling evidence is that the defendant was under the influence of PCP. And you think to yourself, well, gosh, is there any way on this planet you could physically become under the influence of PCP if you didn't possess it at some time before you became under the influence? It's kind of hard to sit and get drunk on beer if you don't have any beer, okay? But what the California Supreme Court explained was that this was, the prosecutor was arguing that the jurors could deduce that Petitioner voluntarily ingested the PCP whether or not he drew it from that particular vial. And that was really trying to, he needed to show that Petitioner was intoxicated under the PCP to show that there was some relevance that it was his PCP in the vial. And looking at specific statements of the prosecutor's argument is contrary to what the Supreme Court has instructed in Boyd v. California and Donnelly v. De Cristoforo that the prosecutor's argument must be judged in the context they were made. A court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury will draw that meaning from a plethora of less damaging interpretations. And here, given the entire context of this case, it was a one-day trial in which the evidence was that Petitioner's wife sought help from the police, and when the police went to the van, they found Petitioner who was sitting near the vial of PCP, he was intoxicated with the PCP, and he refused to take the urine test. He – this was all right for the prosecutor to focus on the most compelling evidence of the possession under California law, because intoxication is relevant to the awareness and the familiarity of the presence of this illegal intoxicating drug, particularly in a constructive possession case. If there were – But I think that the bottom line is that's all prosecutorial misconduct. And if he procedurally defaulted, according to the California Supreme Court, that's the end of it for us. Is that right? That's correct, Your Honor, unless he is able to show one of the exceptions to the procedural default, which he cannot. Right. Here, the district court analyzed the case not under prosecutorial misconduct, but said that the California Supreme Court made an unreasonable application of Griffin v. United States. Counsel, you know, you're only a minute from the end of your time. Yes, Your Honor. If you want to save any rebuttal time. Yes, Your Honor, I would. Thank you. May it please the Court? I'm Jay Mueller for the defendant. I would like to, you know, also, if you don't mind, quote a number of other statements of the prosecutor in this case that I think clearly show that the argument in this case was because he was under the influence of PCP, which there is no dispute, he must have possessed some PCP somewhere sometime, not the PCP in the vial. I'm sorry. I was going to say, let's assume that I agree with you. I do agree with you. It looks like what the prosecutor is saying is beyond just using it as circumstantial evidence, by golly, this evidence is enough to convict. But that's a sufficiency of the evidence question. It isn't enough evidence to convict all by itself, if that's all there is in the case. But why isn't his overreaching, just garden variety prosecutorial misconduct, trying to get the jury to find somebody guilty on not quite enough evidence? I don't understand where there's a different theory as opposed to the prosecutor just trying to push the jury beyond what is a proper inference from the evidence on the one sole theory of the case. I see. Well, I thought the proper theory in the case was, and it's true, it was an inferentially, I think the DA could have said, and based on the jury instructions in the case, that the defendant possessed the PCP in the vial in the van. And so that would have been a proper theory of why he possessed the PCP. The improper. It was the legal theory of the case. The only legal theory of the case was that he possessed the vial in the van. There wasn't any other legal theory. All there was was improper arguments saying you should find him guilty of the charge against him because he was under the influence and you should draw from that the inference that he was also in possession of. Well, I don't think so. I think the jury instructions on the possession issue left that up in the air. And he said, how do we know it was the PCP in the vial? Maybe it was another bottle at home. You do not necessarily have to agree it was some PCP from this vial in the van. So I don't think the case was ever presented to the oh, well, I see what you're saying. I don't think the case, you know, was ever presented to the jury on the question of was he guilty of possession of the PCP in the van. I guess the difficulty I have with the way this case has developed now at the district court is that I know I'm repeating myself at this point, but it seems to me that the legal theory of the prosecution was perfectly proper. This person possessed PCP. The problem was trying to convince the jury to convict on less than sufficient evidence if that's what the prosecutor was trying to do. And if that's what the prosecutor was trying to do, then the California Supreme Court's decision tracks that argument just fine. Well, yes. Well, I would agree. And if that's what the court believes, then I think it is inescapable that the defense counsel in this case was ineffective and was IAC for failing to object and say. Well, that's peculiar because that means the California Supreme Court is ineffective too because it thought there was no misconduct, period. Well, it did think. Here's defense counsel in the middle of a trial fighting this case, making decisions, which, as I recall when I was in trial, an awful lot of stuff that looks bad is let go simply because you don't want to hassle a jury with it or whatever reason. And he says to himself, well, I'm not so sure that's misconduct. And the California Supreme Court agrees it's not misconduct. That's what it said. So it's ineffective for properly predicting what the California Supreme Court thinks is true. Well, because the Cal Supreme Court at the same time said that it set a law that you can't that in detoxification is not enough to prove that you possess a drug. They all agreed that that is a law. And here you have the DA saying that it is enough, that all you have to do is, as Justice Brown said, is to say, well, he's under the influence and he had to get under the influence, you know, by possessing the drug. Was that a dissent, by the way? Well, yes, it was. And a compelling dissent, I thought. We're talking about ineffective assistance of counsel under Strickland. And this attorney looks at the situation and says, you know, I'm not going to object to that because it looks to me as if the prosecutor is not really committing misconduct. So I'm not going to object to it. I'm just going to get up and tell the jury, look, you listen to what the court told you about the instructions, et cetera, et cetera. That's what he tells the jury. So he doesn't say I object because there's prosecutorial misconduct. He doesn't say that. True. But the California Supreme Court said that was correct. It wasn't prosecutorial misconduct. We might think the Supreme Court's wrong. That's not my question. My question is how do we find he has violated Strickland as not being the kind of attorney required by the United States Constitution when his choice is validated by the California Supreme Court? Well, I think that what the Cal Supreme Court did was an unreasonable interpretation of the facts here and that it's so unfair, it's the height of injustice to allow a DA to turn a one-year misdemeanor into a life sentence for a felony when the only evidence in the case was the guy was under the influence. And the DA said that's enough. And the fact that there's a vial in the van, he told the jury, you don't have to say he possessed that. In fact, he was on the passenger side, the vial was under the seat, we don't have any evidence about the wife. He's so high on PCP that it is unlikely he even drove the van, but we don't have any evidence about that. And the DA saw, as Judge Graber points out, that it was a very weak case on insufficiency of the evidence. And it would be fine with me if this court affirmed, the district court on the ground, that there's insufficient evidence. Justice Brown also thought there was insufficient evidence in this case. Counsel, I want to turn to kind of a different approach to the case. Let's assume that Justice Brown was completely correct. But here we are on habeas, and we're looking at the Supreme Court cases which say that if the court misinstructs the jury on a point of law, you're going to get a reversal. But I don't see any case which says that if the prosecutor tries to mislead the jury, that we have any firm Supreme Court law that says that's enough. None of these cases, Griffin or Yates or the other one, go that far, so that's really my problem with the case. And then I, you know, I mean, I guess my fallback is that under State law, under the Green case and the Guton case. I think the Green case is right on, but I don't think it's a Supreme Court case. Exactly, but it shows that defense counsel in this case was ineffective. You know, he had the Green case, he had the Guton case, he had the Palaszczak case, and he admitted he thought the DA did nothing wrong. He thought the DA did not misstate the law. Well, the Cal Supreme Court, the only way the Cal Supreme Court said he didn't misstate the law was an unreasonable interpretation of the facts. That is, the law is you cannot argue to a jury that intoxication alone is enough to prove that you possess PCP. That's what the DA did again and again and again. Defense counsel just sat on his hands. And I'm not saying, you know, and this is one of those extreme situations, I think, when it was IAC. We do not have a reasoned determination of the Cal Supreme Court on the IAC issues. It's just under State law, it seems to me, that not to inform the jury in light of the fact that the jury instructions didn't talk about it, that no, that it's not enough, and therefore, I hope the Court sees that a 20 — that for the DA to turn a misdemeanor into a 26-year-to-life sentence is unfair. Thank you, counsel. Ms. Twain, do you have about a minute left, I think, on the bill? Thank you, Your Honor. Counsel's decision not to object to the prosecutor's argument was entirely reasonable. Seven out of ten State judges found that the prosecutor's argument was proper. And not only that, the California Supreme Court found the prosecutor's argument did not run afoul with the principles under California law in Peeble v. Palaszczuk. It specifically found that the prosecutor was not arguing in its entire — viewed in its entirety that the jury could convict the petitioner on intoxication alone, and that the California Supreme Court found that the prosecutor did not mislead the jury in an objectionable fashion, and had Petitioner — Petitioner still has to be convicted? The trial court likely would have overruled the objection. At most, the trial court would have given possibly the instruction to follow the jury — jury instructions, and counsel's statements are merely evidence. That was already given to the jury, and there was no confusion by the jury, nothing in the record to show any confusion about the law. I see my time has expired. If I could briefly close up. The district court lost sight of the posture of this case, which was on collateral review. It did not have supervisory power over the California Supreme Court. It could only grant habeas corpus relief if there was a constitutional right violated, and after according proper deference to the California Supreme Court's decision under the AATPA. We ask that this Court uphold the California Supreme Court's decision and overrule — reverse the judgment of the district court conditionally granting the petition for rid of habeas corpus. Thank you. The arguments of counsel have been helpful, and the case just argued is submitted. With no objection from my colleagues, we'll continue to hear the cases in their order. We are up to Leonard v. Winn, and I think possibly we'll take a little break after Leonard v. Winn.
judges: B. Fletcher, Fernandez, Graber